IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DWIGHT L. DAVIS, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | C.A. NO. 05-618 KAJ |
| | : | |
| CITY OF WILMINGTON, JAMES M. BAKER, in his official capacity as the Mayor of the City of Wilmington, JOHN SHERIDAN, in his official capacity as the City Solicitor of the City of Wilmington, SAMUEL PRADO, in his official capacity as Fifth District Representative on Wilmington City Council. | : | |
| | : | |
| DEFENDANTS. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

COME NOW, Defendants, by and through their undersigned counsel, and hereby move this Honorable Court to dismiss this action for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

1. The claims set forth in Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction based on the *Rooker/Feldman* doctrine, which prohibits federal courts from reviewing the final judgment of a state court or evaluating constitutional claims that are inextricably intertwined with a state court's decision in a judicial proceeding. Alternatively, Plaintiff's claims are precluded by the doctrine of res judicata[1] because the claims were already litigated in Delaware state courts, beginning with the Delaware Superior Court and culminating with an appeal to the Delaware Supreme Court, which initially dismissed the appeal on its merits on August 5, 2005, and again on August 15, 2005, upon Plaintiff's Motion En Banc.

2. Plaintiff's claims arise from his legal challenge of the general election of Wilmington City Council in November of 2004, in which Defendant Prado defeated Plaintiff for the vacant seat in the Fifth Councilmanic District. (D.I. #1, ¶¶ 11-16) One day after the election, Plaintiff filed a Petition in the Superior Court of Delaware challenging the election results. (Exh. "A") Plaintiff's Petition alleged that his name had not been printed on some absentee ballots, and that Defendant Prado was ineligible to run for public office in a partisan election due to his employment in the executive branch of City government. (Compare Exh. "A", ¶¶1-2, with D.I. #1, ¶¶ 12-13) The Superior Court dismissed Plaintiffs Petition *sua sponte* (Exh. "B"), and Plaintiff ultimately appealed to the Delaware Supreme Court (Exh. "C"). After full briefing on the merits (Exhs. "D" and "E"),

---

[1] If this Court holds that the *Rooker-Feldman* doctrine precludes jurisdiction over Plaintiff's claims, then it need not address the doctrine of res judicata. *See Pawlak v. Nix,* 1996 U.S. Dist. LEXIS 14523 (E.D. Pa. 1996), *20 n. 12.

the Delaware Supreme Court affirmed the Superior Court's dismissal of Plaintiff's challenge to the 2004 City Council election (Exh. "F").  Plaintiff then moved for a re-hearing en banc (Exh. "G"), which the Delaware Supreme Court denied and entered its final judgment on August 17, 2005 (Exh. "H").

3. On August 23, 2005, Plaintiff filed this federal lawsuit, which re-labels his state law election challenge as a federal claim arising from federal civil rights statutes and various provisions of the U.S. Constitution. (D.I. #1)  The federal claim is the same lawsuit that was filed as Civil Action No. 04M-11-005 in the Superior Court of Delaware (Exh. "A"), challenging the results of the Wilmington City Council election of November 2004.  Because this federal suit is a re-filing of the same lawsuit that was dismissed on the merits in state court (Exhs. "F" and "H"), Plaintiff's federal claim must be dismissed for lack of subject matter jurisdiction based on the *Rooker/Feldman* doctrine, or alternatively based on the doctrine of res judicata.

4. The *Rooker/Feldman* doctrine holds that federal district courts lack subject matter jurisdiction to review final adjudications of state courts or to evaluate constitutional claims that are inextricably intertwined with the state court decisions in a judicial proceeding. *See Valenti v. Mitchel*, 962 F.2d 288, 296 (3d Cir. 1992)(citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).

5. Plaintiff's Complaint restates the same allegations from the state court pleadings (compare D.I. #1, ¶¶ 11 - 16, with Exh. "A" , ¶¶ 3 - 7), and summarizes the subsequent stages of the Delaware state court litigation. Based on those allegations, Plaintiff's first cause of action avers that these events violated 42 U.S.C. §§ 1983, 1985 and 1986, as well as the Fourth and Fourteen Amendments to the U.S. Constitution. (D.I. #1, ¶ 17 - 22)  Because the first cause of action sets forth constitutional claims that are inextricably intertwined with the Delaware state court decisions

on Plaintiff's legal challenge to the City Council election, the cause of action is barred by the *Rooker/Feldman* doctrine, and therefore, must be dismissed for lack of subject matter jurisdiction.

6. The second cause of action simply re-labels Plaintiff's state law election challenge as a violation of the Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution. The second cause of action avers that Councilman Prado, the Mayor of Wilmington, and the City Solicitor violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments because the City Law Department represented Councilman Prado in the state court litigation of Plaintiff's election challenge. (D.I. #1, ¶¶ 23 - 25)  According to Plaintiff's Complaint, the City Law Department's representation of Defendant Prado in the state court litigation constitutes "an unreasonable seizure, cruel punishment and a deprivation of life, liberty, and equal protection." (D.I. #1, ¶¶ 11 and 24)[2]  Because these federal constitutional claims are inextricably intertwined with the Delaware state court decisions on the merits of Plaintiff's legal challenge to the City Council election, the second cause of action is similarly barred by the *Rooker/Feldman* doctrine, and should therefore be dismissed for lack of subject matter jurisdiction.

7. Both causes of action also fail to state a claim upon which relief can be granted, based on the doctrine of res judicata. Res judicata prohibits subsequent re-litigation of a claim when there has been (1) a final judgment on the merits in a prior lawsuit involving (2) the same claim and (3) the same parties or their privies. *See Burke v. Timothy's Rest.*, 2005 U.S. Dist. LEXIS 15533 (D. Del. 2005)(internal citations omitted).

---

[2] Plaintiff's Complaint erroneously contains two paragraphs numbered "11". It is Paragraph 11 on page 3 of Plaintiff's Complaint that discusses the City Law Department's "intervention" in the state court litigation between Plaintiff and Defendant Prado. Plaintiff also contends that the City Law Department did not have standing to file an Answering Brief on Defendant Prado's behalf in the state court litigation. (D.I. # 1, ¶ 11). Standing is only required for the actual parties to the litigation, not the attorneys of record who represent the parties in the litigation. Therefore, undersigned counsel, as attorney of record for Defendant Prado in the state court proceedings, did not need separate and distinct standing to file the Answering Brief (or any other court document) on Defendant Prado's behalf.

8. All three elements of res judicata are met in this case. First, the Delaware Supreme Court in *Davis v. Prado*, No. 562, 2004, entered a final judgment on the merits of Plaintiff's legal challenge to the City Council election. (Exhs. "F" and "H") Second, Plaintiff's federal claim is the same legal challenge to the City Council election that Plaintiff averred in *Davis v. Prado*, Delaware Superior Court, C.A.No. 04M-11-005 (Exh. "A"), and Delaware Supreme Court No. 562, 2004 (Exh."D"). Third, Plaintiff's federal claim involves the same parties, Dwight Davis and Samuel Prado, as well as the City of Wilmington, its Mayor and its City Solicitor, all of whom are in privity with Defendant Prado, who is being sued in his official capacity as a member of the legislative branch of the City government. (D.I. #1, ¶¶ 7 - 10) Therefore, Plaintiff has failed to state a claim upon which relief can be granted because the doctrine of res judicata bars Plaintiff from challenging the Wilmington City Council election in federal court now that the highest Delaware state court has dismissed the challenge on its merits.

9. Plaintiff's Complaint must be dismissed with prejudice for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), based on the *Rooker/Feldman* doctrine, or alternatively for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), based on the doctrine of res judicata.

WHEREFORE, Defendants request that this Honorable Court dismiss this action with prejudice, pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

CITY OF WILMINGTON LAW DEPARTMENT
  /s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (Id. # 4125)
Assistant City Solicitor
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants City of Wilmington, Mayor James M. Baker, Samuel Prado, and John Sheridan

Dated: September 12, 2005