COPY

In the Supreme Court of the State of Delaware

2005 JAN 19 A 8: 31
DEPUTY CLERK
WILMINGTON
DELAWARE SUPREME COURT
FILED

|  |  |  |
|---|---|---|
| DWIGHT L. DAVIS, Pro Se' Plaintiff | ) | |
| Appellant below | ) | |
| vs. | ) | C.A. No. 562-2004 |
|  | ) | Court Below |
|  | ) | Superior Court of The State |
|  | ) | of Delaware |
| Samuel (Sammy) Prado, Pro Se' Defendant | ) | |
| Appellee below | ) | 04M-11-005 |

**APPELLANT OPENING BRIEF / APPENDIX ATTACHED**

*[signature]*

Dwight L. Davis, Pro Se'
800 West 9th Street
Wilmington, DE 191801
(302) 654-1993

# Table of Contents

Table of Authorities .................................................................................

Nature and Stage of Proceedings ..............................................................

Summary of Argument .............................................................................

Statement of Facts ....................................................................................

Argument ..................................................................................................
    I.    The Jurisdiction of this Court is not limited to the review of the Superior Court's dismissal of Plaintiffs petition contesting the election of Samuel Prado and the denial of the plaintiffs subsequent motion for re-consideration.
        A.    Standard and Scope of Review
        B.    Merits of the Argument
            1.    The limited scope of this Court review.
            2.    The Superior courts dismissal and denial was not supported by the record
    II.    If the Court finds that the Superior Court improperly assumed jurisdiction over the Municipal election, and the prothonotary failed to follow proper procedure for contested elections, then the Superior Court improperly dismissed the petition

CONCLUSION

## TABLE OF AUTHORITIES

Case Law

    Abrahams v. Superior Court, 50 Del.394 131 A2d 62 (1951)

    Searles V. Darling Del. Supr., 83A.2d96(1951)

    Auditorium Inc. v. Board of Adjustment

    Supreme Court Opinion No. 446,1998 722A2d307

Court Rules

| | |
|---|---|
| Title 15 Section 5948 | Citation; Service and return |
| Title 15 Sections 7521 | Election's Constitutionality |
| Title 15 Sections 7523 | Certificates of Nomination |
| Article V Sections 6 | Delaware Constitution |
| Title 15 Sections 5444 | Circumstances under which contestant need not claim to have been elected |
| Title 15 Section 5943 | Requirements to set aside election because of illegal voting |
| Title 15 Section 7502 | Local Elections where there is only one candidates |

## Statement of Facts

The genesis of this case involves the failure of the City of Wilmington to declare an City Employee appointed by the Mayor ineligible to simultaneously remain employed and seek the office of a incompatible elected office.

## Nature and Stage of the Proceedings

Appellant / Plaintiff filed a complaint contesting the eligibility of Samuel Prado to be nominated and elected to Wilmington City Council. The prothonotary violated due process by assigning the matter to the Board of Canvass of Superiority. Although plaintiff did not invoke jurisdiction of the Board of Canvass; the Board of Canvass improperly assumed jurisdiction of the matter.

## Summary of Argument

1. This Court's appellate jurisdiction is not limited to the review of the Superior Court's Board of Canvass Orders, as the orders specified to and attached to the plaintiffs Notice of Appeal.
2. The Superior Court Board of Canvass abused it's discretion by assuming jurisdiction over the mater of ineligibility of appellee to be elected, and without jurisdiction dismissed the petition with out reviewing abuse of procedure by prothonotary.

## Appendices

nmary and Declaratory Judgement

wight L. Davis

In the Supreme Court of the State of Delaware

|   |   |
|---|---|
| DWIGHT L. DAVIS, Pro Se' Plaintiff<br>                    Appellant below<br>vs.<br><br>Samuel (Sammy) Prado, Pro Se' Defendant<br>                    Appellee below | )<br>)<br>)<br>)  C.A. No. 562-2004<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR SUMMARY AND DECLARATORY JUDGEMENT

**COMES NOW**, Appellant DWIGHT L. DAVIS, Pro Se', and request this honorable court for summary and/or declaratory judgement setting aside the November 2, 2004 Election of Samuel (Sammy) Prado and a order of judgement declaring Samuel (Sammy) Prado ineligible to be nominated, or the ballot, and elected to Wilmington City Council. Also, an order of judgement declaring Dwight L. Davis the only official candidate, eligible to be elected in the General Election, November 2, 2004. Also, issuing an order of mandamus to the New Castle County Department of Election to correct the record; issuing a writ of Election for purposes of swearing Dwight L. Davis into office as representative of Wilmington City Councils 5th District. In support thereof we present the following:

1. The record shows there is substantial evidence upon which the New Castle County Department of Elections, Superior Court, Department of Justice, and the City of Wilmington, could properly have based it's decision, while correctly applying the law to the facts. The record should control the issue unless there was abuse of discretion or error of law - Searles vs. Darling DEL SUPR., 83A. 2D 96 (1951).

2. The standard of measuring sufficiency of record is not the one, which would be in a common-law certiorari proceeding, but the one established by this section.

## Affidavit of Dwight L. Davis

1. My name is Dwight L. Davis, flesh and blood man and on November 2nd, 2004, I was the republican candidate for the 5th District Wilmington City Council.

2. On November 3rd, 2004, I Dwight L. Davis filed a complaint in Superior Court of New Castle County contesting the eligibility of democratic candidate Samuel (Sammy) Prado to be nominated and legally seek political office.

3. On November 4th, 2004, according to Superior Court docket J. Cooch, Superior Court Judge assuming the jurisdiction of the Superior Court of Canvass dismissed the petition because of it's failure to have invoked the proper jurisdiction of the Board of Canvass. The court erred by improperly assuming jurisdiction over this matter. Title 15 Section 7521 declares that under Article 5 Section 6 of the Delaware Constitution, "that part of this section which attempts to require the Superior Court to canvass the vote of City elections is unconstitutional and void. The vote of an election in the City of Wilmington should be canvassed by the Department of Elections."

4. <u>Jurisdictional Defect</u> continuing, a defect whether of omission or commission, in process, pleadings, parties, or procedure which deprives the court of jurisdiction. Neither the fact that an action is brought in the wrong county, nor that other persons should have been joined as parties is necessarily a jurisdictional defect – Stratton vs. Beavers Farmers Canal and Dutch Company 82COLO 118,257 Page 1077.

5. <u>Title 15, 5901 Subchapter 1,</u> refers only to members of the general assembly. Section 5948 citation; service in return states "before the statement is filed, the prothonotary shall docket the case in the appearance docket and immediately issue a citation for the person whose right to the office is contested to appear on the first day of the second term of the Superior Court to make such defense as he or she may have". Superior Court docket confirms that the prothonotary

10. Samuel (Sammy) Prado job description states "he shall assist in planning the Mayor's neighborhood meetings and accompanies the Mayor to these meetings, and received a flat rate of pay constituting full remuneration for all services rendered regardless of number hours worked, Section 40-51".

11. Samuel (Sammy) Prado position was "exempt" from the overtime and minimum wage requirements of the fair labor standards act, and funded by a non-allocated grant to the City of Wilmington.

12. Samuel (Sammy) Prado's candidacy while simultaneously employed with the Executive Branch of City Government; violated the "HATCH ACT, which applies to Executive Branch state and local employees who are principally employed in connection with programs financed in whole or in part by loans or grants by the United States or a Federal Agency".

13. The 'HATCH ACT' prohibits Samuel (Sammy) Prado from:
    1. being a candidate for public office in a partisan election
    2. use official authority or influence to interfere or affect the results of an election or nomination
    3. directly or indirectly coerce contributions from subordinates in support of a political party or candidate. Additionally, Mayor Baker actively campaigned with and for Samuel (Sammy) Prado, using his official authority to affect the results of his election and nomination.

14. <u>Separation of Powers / Dual Office Holding</u> – The City charter guarantees one seat on Wilmington City Council for a member of the Republican Party. The remaining twelve (12) city council seats have traditionally been occupied by members of the Democratic Party, because of the eight to one ratio of democrats over republicans in the city. Because of the disproportionate ratio of democrats over the republicans the September Primary is considered the General Election in City Government. Whichever candidates (usually democrats) are successful in

failed to issue a citation although appellant asserts that Samuel (Sammy) Prado did in fact receive proper service of this complaint and choice not to enter his appearance or answer the complaint, therefore, in fact, Mr. Prado is in default.

6. On or about January 3rd, 2005, the New Castle County unlawfully certified the election of Samuel (Sammy) Prado and he was illegally sworn in as the representative on Wilmington City Council 5th District; while this matter was pending in the Delaware Supreme Court. The actions of the Department of Elections violates Article I, Section 3 of the Delaware Constitution that require all elections be free and equal.

7. As further support of my contention that the Department of Election acted in concert to deprive me of ballot access, they "unintentionally" left my name off of absentee ballots distributed to voters evidenced by their letter dated October 18th, 2004.

8. The Department of Justice, Deputy Attorney General Woolfolk, in her October 21st, 2004 opinion on this issue failed to apply an adequate interpretation of the constitution and investigate the issues.

9. Samuel (Sammy) Prado on or about June 14th, 2004 filed with the department of elections for Wilmington City Council. At the time of his filing he was employed with the City of Wilmington, appointed by Mayor Baker as an Constituent Services Officer, employed as a appointed Officer to the Executive Branch of the City of Wilmington, violated Section 40-58 of the City Charter. Outside activities policy states:

   a) "a city employee shall not engage in any employment, activity or enterprise that is inconsistent, incompatible, or in conflict with his or her duties, functions, or responsibilities as a City employee". Further stating under Section 60-1 Outside Activities -use of city equipment i.e. telephone and computer. Samuel (Sammy) Prado in fact did use city equipment in his election campaign.

September are considered "Elected". Samuel (Sammy) Prado, after his success in September primary has illegally combined two sovereign functions in one person, which is antithetical to separation of powers between the three branches of city government, which violates, Article 2, 3, and 4 of the Delaware Constitution.

15. "Montesquieu" has advised against the concentration of governmental power., supraN39, "when the legislative and executive power are united in the same person or in the same body of magistrates, there can be no liberty…. Again, there is no liberty if the judiciary power be not separated from the legislative and executive". Where it joined with the legislative, the life and liberty of the subject would be exposed to arbitrary control. 314DEL722 Atlantic Reporter, 2d series – separation of powers Delaware Constitutional History.

SWORN AND SUBSCRIBED TO

NOTARY _____      DWIGHT L. DAVIS _____

THEREFORE, I Dwight L. Davis, flesh and blood man respectfully request this honorable court for the relief sought.

Dated: 1/17/05      _____
                    Dwight L. Davis, Pro Se'
                    800 West 9th Street
                    Wilmington, DE 191801
                    (302) 654-1993

## CERTIFICATE OF SERVICE

I, Dwight L. Davis, hereby certify that two (2) correct copies of the attached Motion for Summary and Declaratory was delivered by hand and/or first class mail to:

1. Samuel (Sammy) Prado
   1001 Kirk Street
   Wilmington, DE  19805

2. Mayor James M. Baker
   C/o John Sheridan, City Solicitor, City of Wilmington
   800 N. French Street 9th Floor, Law Department
   Wilmington, DE  19801

3. Elaine Manlove, Administrative Director
   Delaware Department of Elections for New Castle County
   Carvel State Office Building
   820 N. French Street
   Wilmington, DE  19801-3531

Dwight L. Davis, Pro Se'
800 West 9th Street
Wilmington, DE  19801
(302) 654-1993

January 17, 2005