IN THE SUPREME COURT OF THE
STATE OF DELAWARE

Dwight L. Davis,  :
　　:
　　Plaintiff Below/  :
　　Appellant,  :
　　:
v.  :　　No. 562, 2004
　　:
Samuel (Sammy) Prado,  :
　　:
　　Defendant Below/  :
　　Appellee.  :

ANSWERING BRIEF OF DEFENDANT BELOW/
APPELLEE SAMUEL (SAMMY) PRADO

Alex J. Mili, Jr., Esquire (I.D. #41
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Bldg.
800 North French Street, 9 th Fl
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendant Below/
Appellee Samuel (Sammy) Prado

# TABLE OF CONTENTS

...ATIONS . . . . . . . . . . . . . . . . . . . . . . . . .i

...ROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . .1

...RGUMENT . . . . . . . . . . . . . . . . . . . . . . . . .3

   FACTS . . . . . . . . . . . . . . . . . . . . . . . . .7

...HRONOLOGY OF THE 2004 CITY COUNCIL ELECTION . . . . . . . .7

...RADO'S PRE-INAUGURATION EMPLOYMENT WITH THE CITY . . . . . .7

...ORRECTIONS OF THE MISSTATEMENTS OF FACTS INTERJECTED IN
...AVIS'S AFFIDAVIT APPENDED TO HIS OPENING BRIEF . . . . . . .7

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

...AVIS'S APPENDED MOTION FOR SUMMARY AND DECLARATORY JUDGMENT
...UST BE DENIED BECAUSE AN APPELLATE COURT DOES NOT HAVE
...RIGINAL JURISDICTION TO ISSUE SUMMARY AND/OR DECLARATORY
...UDGMENT, NOR DOES THIS COURT HAVE APPELLATE JURISDICTION TO
...EVIEW ANY ACTIONS OF THE BOARD OF CANVASS OF THE SUPERIOR
...OURT. . . . . . . . . . . . . . . . . . . . . . . . . . .9

      STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . . .9

      MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . . .9

...VIS'S APPENDED MOTION FOR SUMMARY AND DECLARATORY JUDGMENT,
...ONG WITH DAVIS'S SELF-EXECUTED AFFIDAVIT, MUST BE STRICKEN
...OM THE RECORD BECAUSE THESE DOCUMENTS CONTAIN LEGAL
...GUMENTS IN CONTRAVENTION OF RULE 15(a)(vi). . . . . . . . 11

      STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . . 11

      MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . . 11

   THE LEGAL CONCLUSIONS SET FORTH IN DAVIS'S APPENDED MOTION
...R SUMMARY AND DECLARATORY JUDGMENT AND/OR HIS SELF-EXECUTED
...FIDAVIT ARE DEEMED TO BE HIS ARGUMENTS ON APPEAL, THEN DAVIS
...S WAIVED THESE ARGUMENTS, EXCEPT FOR THE "HATCH ACT"
...GUMENT, BY NOT RAISING THEM IN THE COURT BELOW. . . . . . 14

      STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . . 14

THE SUPERIOR COURT JUDGE, IN HIS CAPACITY AS THE CANVASS JUDGE, PROPERLY DISMISSED DAVIS'S PETITION SUA SPONTE, AND THE DISMISSAL DID NOT VIOLATE EITHER 15 DEL.C. § 7521 OR DEL. CONST., ART V, § 6. . . . . . . . . . . . . . . . . . . . . .15

   A.   STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . . .15

   B.   MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . . .15

JURISDICTIONAL DEFECTS, INCLUDING DAVIS'S FAILURE TO COMPLY WITH SUPERIOR COURT CIVIL RULE 109, ARE GROUNDS FOR DISMISSAL OF DAVIS'S PETITION. . . . . . . . . . . . . . . . . . . . . .18

   A.   STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . . .18

   B.   MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . . .18

PRADO IS NOT IN DEFAULT, PURSUANT TO 15 DEL.C. § 5948, OR ANY OTHER STATUTE OR COURT RULE, BECAUSE DAVIS'S PETITION WAS NOT SERVED ON PRADO BY THE SHERIFF, NOR WAS PRADO REQUIRED TO ANSWER OR ENTER AN APPEARANCE AFTER DAVIS'S PLEADING WAS DISMISSED *SUA SPONTE*. . . . . . . . . . . . . . . . . . . . .20

   A.   STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . . .20

   B.   MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . . .20

PRADO WAS PROPERLY INAUGURATED BECAUSE NEITHER THE PENDENCY OF THIS APPEAL NOR ARTICLE I, SECTION THREE OF THE DELAWARE CONSTITUTION ARE GROUNDS FOR STAYING PRADO'S INAUGURATION. .21

   A.   STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . . .21

   B.   MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . . .21

TO THE EXTENT THAT DAVIS'S NAME WAS OMITTED FROM SOME ABSENTEE BALLOTS, SUCH OMISSION WAS NOT GROUNDS FOR INVALIDATING THE ELECTION RESULTS BECAUSE THE OMISSION WAS CORRECTED IN SUFFICIENT TIME BEFORE THE GENERAL ELECTION, AND DAVIS HAS WAIVED ANY CHALLENGE TO THIS OMISSION BY FAILING TO SPECIFY THE NUMBER OF VOTES AFFECTED. . . . . . . . . . . . . . . . .24

   A.   STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . . .24

   B.   MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . . .24

THE DEPUTY ATTORNEY GENERAL'S CONSTRUCTION OF ARTICLE II, SECTION 14, AND ARTICLE XV, SECTION 5, OF THE DELAWARE CONSTITUTION WAS CORRECT. . . . . . . . . . . . . . . . . . .25

   A.   STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . . .25

   B.   MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . . .25

        40-58 AND 40-61 OF THE CITY PERSONNEL CODE, EVEN IF PROVEN, ARE NOT GROUNDS FOR CONTESTING THE WILMINGTON CITY COUNCIL ELECTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

        A.    STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . .27

        B.    MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . .27

XI.    THE FEDERAL HATCH ACT DOES NOT APPLY TO PRADO BECAUSE HE WAS NOT A "COVERED EMPLOYEE" DURING HIS CANDIDACY IN THE PARTISAN ELECTION FOR CITY COUNCIL OFFICE, AND EVEN IF IT DID APPLY, DELAWARE STATE COURTS DO NOT HAVE JURISDICTION TO DECIDE CLAIMS ARISING UNDER THAT FEDERAL STATUTE. . . . . . . . . .29

        A.    STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . .29

        B.    MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . .29

XII.   PRADO WAS NOT DEEMED "ELECTED" AS OF THE DATE OF THE SEPTEMBER PRIMARY ELECTION, THEREFORE, PRADO'S PRE-INAUGURATION EMPLOYMENT IN THE CITY'S EXECUTIVE BRANCH DID NOT VIOLATE THE SEPARATION OF POWERS DOCTRINE NOR DID IT VIOLATE THE DELAWARE CONSTITUTIONAL PROVISIONS APPLICABLE TO THE THREE BRANCHES OF STATE GOVERNMENT. . . . . . . . . . . . . . . . . . . . . . . 31

        A.    STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . .31

        B.    MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . .31

XIII.  DAVIS'S QUOTATION TO BARON DE MONTESQUIEU, WITHOUT PROPER ATTRIBUTION, IS INCORRECTLY CONSTRUED AND INAPPLICABLE TO PRADO'S CANDIDACY, NEITHER IN THE QUOTE'S ACCURATE CONSTRUCTION NOR THE QUOTE'S INACCURATE CONSTRUCTION OFFERED BY DAVIS. . . . . . . . . . . . . . . . . . . . . . . . . . . 33

        A.    STANDARD AND SCOPE OF REVIEW. . . . . . . . . . . . .33

        B.    MERITS OF ARGUMENT. . . . . . . . . . . . . . . . . .33

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .34

LOWER COURT'S ORDER OF NOVEMBER 4, 2004 . . . . . . . . . ATTACHMENT A

LOWER COURT'S ORDER OF DECEMBER 14, 2004 . . . . . . . . . ATTACHMENT B

## CASES

...inbotham, 1965 U.S. App. LEXIS 6894 (3d Cir. 1965) . . . . 29

... United States Merit Sys. Protection Bd.,
  3d 917 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . 30

... the Justices, 672 A.2d 1(Del. 1995). . . . . . . . . . . . . 25

...el. Walker v. Harrington, 1942 Del. LEXIS 23 (Del. 1942). . 9

... Superior Court of Delaware, 252 A.2d 300 (Del. 1969) . . 10

... v. Spencer, 391 A.2d 199 (Del. 1978) . . . . . . . . . . . 14

... Trust Co. v. Conner, 415 A.2d 773(Del. 1980). . . . . . . .14

...inson, 484 A.2d 950 (Del. 1984) . . . . . . . . . . . . . . 9

## STATUTES

1501 . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,29

1501 (4). . . . . . . . . . . . . . . . . . . . . . . . . . 29

1508 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

5948 . . . . . . . . . . . . . . . . . . . . . . . . .4,13,20

7521 . . . . . . . . . . . . . . . . . . . . . .4,12,15,16,17

## CONSTITUTIONAL PROVISIONS

, Art. I, §3 . . . . . . . . . . . . . . . . . . . . . . .22,23

, Art. II, §14 . . . . . . . . . . . . . . . . . . . . .1,25,26

## COURT RULES

Del. Supr. Ct. Rule 8. . . . . . . . . . . . . . . . . . . . . . . . .14,34

Del. Supr. Ct. Rule 14(b)(vi). . . . . . . . . . . . . . . . . . . .3,11,14

Del. Supr. Ct. Rule 15(a)(iv). . . . . . . . . . . . . . . . . . . . .11,34

Del. Supr. Ct. Rule 15(a)(vi). . . . . . . . . . . . . . . . . . . 11,12,13

Del. Super. Ct. Rule 12(b)(3). . . . . . . . . . . . . . . . . . . . . 4,18

Del. Super. Ct. Rule 12(b)(7). . . . . . . . . . . . . . . . . . . . . 4,18

Del. Super. Ct. Rule 109 . . . . . . . . . . . . . . . . . . . . . . . .18

Del. Super. Ct. Rule 109 (4)(a-c). . . . . . . . . . . . . .5, 18, 19, 24

### WILMINGTON CITY CODE PROVISIONS

1 Wilm.C. § 40-58. . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1 Wilm.C. § 40-58(a). . . . . . . . . . . . . . . . . . . . . . . . . . 27

1 Wilm.C. § 40-61 . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

1 Wilm.C. § 40-61(a). . . . . . . . . . . . . . . . . . . . . . . . . . 27

Appellant, Dwight L. Davis (hereafter "Davis"), and Appellee, Samuel Prado (hereafter "Prado"), were candidates for the Fifth District seat of Wilmington City Council in the 2004 election. The primary election was held on September 11, 2004, in which Davis won the uncontested Republican nomination and Prado won the uncontested Democratic nomination. The general election was held on November 2, 2004, in which Prado defeated Davis.

The next day, Davis filed a Petition in the Superior Court of Delaware challenging the election results of the Fifth District race. (B1-11) Davis's Petition set forth the following three grounds for contesting the election: (1) Davis's name had not been printed on some absentee ballots (Davis Pet. ¶ 1); (2) Prado was ineligible to be a candidate for public office in a partisan election due to his employment in the executive branch of City government (Davis Pet. ¶ 2); and (3) Prado was a "dual public officer" in violation of Del. Const., Art. II, § 14, and Art. XV, § 5 (Davis Pet. ¶ 3-5). (B1-2)[1]

When an election's results are contested, Del. Const., Art. V, § 7, prescribes that the President Judge and the Resident Judge of the Superior Court shall constitute a quorum to take action on behalf of the Board of Canvass. Accordingly, on November 4, 2004, President Judge Ridgely and Resident Judge Cooch convened as the Board of Canvass and dismissed Davis's Petition *sua sponte*.

On December 1, Davis moved for reconsideration of the dismissal by the Board of Canvass. (B12-22) That motion for reconsideration simply

---

[1] The Appendix to this Brief will be cited as "(B___)".

mber 3, and it was

of Appeal requesting

ard of Canvass. (B23-

s. Davis filed his

anted Prado's request

ief. This is Prado's

ef.

I. Denied. Prado denies that this Court has appellate jurisdiction to review any actions of the Board of Canvass of the Superior Court, least of all the Orders attached to Davis's Notice of Appeal to this Court, and Prado further denies that this Court has original jurisdiction to grant the Motion for Summary and Declaratory Judgment appended to Davis's Opening Brief.[4]

II. Denied. To the extent that the Motion for Summary and Declaratory Judgment and/or the self-executed affidavit appended to Davis's Opening Brief are intended to be Davis's arguments on appeal, these documents must be stricken from the record, pursuant to this Court's Rule 15(a)(vi), which prohibits appendage of any documents that contain legal arguments.[5]

III. To the extent that the Motion for Summary and Declaratory Judgment and/or the self-executed affidavit appended to Davis's Opening Brief are intended to set forth Davis's arguments on appeal, Davis has waived all but one of these arguments, pursuant to this Court's Rule 8, because they

---

[3] Davis's Opening Brief does not contain an Argument section, as required by Del.Supr.Ct. Rule 14(b)(vi), therefore, Prado has no arguments in response thereto. However, Davis's Appendix does include a "Motion for Summary and Declaratory Judgment" and an affidavit signed by Davis and dated on January 17, 2005. To the extent that the Court chooses to consider the merits of any of the arguments contained in the affidavit, Prado offers substantive responses in Arguments IV through XIII of this Answering Brief.

[4] Davis states this jurisdictional argument as a heading in his Table of Contents, but he does not set forth this argument in the body of his Brief. To the extent that Davis's jurisdictional argument

ed. ...the lower court abused its discretion
cising jurisdiction to review (and ultimately dismiss) Davis's
contesting the eligibility of the candidate who defeated him in
ouncil election, and Prado further denies Davis's reliance upon
§ 7521 and Del.Const., Art. V, § 6 in support of his argument.[6]

ed.   Prado denies the argument set forth in Paragraph 4 of
fidavit, which contends that neither the filing of an action
rong  county  nor  the  failure  to  join  all  parties  are
onal defects.  To the extent that these jurisdictional defects
ue in this appeal, Prado denies this argument on the grounds
per venue and failure to join all parties are grounds for
 pursuant to Rule 12(b)(3)&(7), respectively.   Moreover, the
onal defect of Davis's failure to comply with Superior Court
 109 was proper grounds for dismissal of Davis's Petition.

ed.   Prado denies being in default, as alleged in Paragraph
's affidavit, because Davis's pleading was never served by the
s required by 15 Del.C. § 5948, and it was dismissed *sua sponte*
ter it was filed.   Therefore, no response was necessary for a
hat was never served and was ultimately dismissed.

d.   Prado denies the argument set forth in Paragraph 6 of
fidavit, which contends that Prado was "illegally sworn in" as

---

s's "abuse of discretion" argument is identified as his
ument in his Table of Contents; however, the Opening Brief

results should not have been certified while this appeal was [pending]. Prado denies this argument on the ground that this appeal does [not operate] as a stay of Prado's inauguration.

[#]. Prado denies that the omission of Davis's name from some ballots is grounds for nullifying the election results, as [alleged] in Paragraph 7 of Davis's affidavit, because the omission was [corrected] in sufficient time before the general election. Even if this [omission] did affect the vote count, Davis waived this challenge by [failing to] state the number of votes affected by the alleged omission, [as required] by Superior Court Civil Rule 109(4)(b).

[#]. Prado denies that Deputy Attorney General Woolfolk [mis]interpreted the constitutional provisions cited in Davis's [letter of] October 10, 2004, as contended in Paragraph 8 of Davis's [affidavit], and Prado hereby incorporates the constitutional [interpretat]ions of the Deputy Attorney General.

[#]. Prado denies that he violated Sections 40-58 and/or 40-61 [of the City] Personnel Code by engaging in activities inconsistent with [his employ]ment. Even if Davis could support these allegations, [violations] of the City Personnel Code are not grounds for nullifying the [results of] an election.

[#]. Prado denies that he violated (or is even subject to) [the federal] Hatch Act, as contended in Paragraphs 12 and 13 of Davis's

12. Denied. Prado denies the argument set forth in Paragraph 14 of Davis's affidavit, which contends that Prado violated the separation of powers doctrine when continuing to work for the executive branch of City government between the September primary election and his January 2005 inauguration, and Prado further denies that Articles II, III or IV of the Delaware Constitution apply to City government.

13. Denied. Prado denies the argument set forth in Paragraph 15 of Davis's affidavit, which contends that a quoted maxim of eighteenth century French philosopher Baron de Montesquieu was violated when, according to Davis, the judiciary was combined with the legislative and executive branches of government. To the extent that the eighteenth century writings of a French philosopher are a source of binding law in this jurisdiction, Prado contends that none of the branches of State or local government deviated from their prescribed authorities set forth in the Delaware Constitution and/or Wilmington City Charter/Code,

**STATEMENT OF FACTS**

1. <u>Chronology of the 2004 City Council Election</u>

In the summer of 2004, Davis and Prado declared their candidacy for the Fifth District seat of Wilmington City Council. The primary election was held on September 11, 2004, in which Davis won the Republican nomination and Prado won the Democratic nomination for the Fifth District seat. As Davis and Prado were the only nominees for their respective political parties, neither of them had any opponents in the primary election. The general election was held on November 2, 2004, and Prado won the Fifth District seat.

2. <u>Prado's Pre-Inauguration Employment with the City</u>

Prior to his inauguration to City Council on January 4, 2005, Prado was employed as a Constituent Services Officer for the City of Wilmington. That position is an appointment by the Mayor, which entails responding to constituents' complaints and relaying their concerns to the appropriate departments within the City. (See job posting attached at AOB 13) Though Prado continued to work in that capacity through the general election, he resigned prior to the City Council inauguration.

3. <u>Corrections of the Misstatements of Facts Interjected in Davis's Affidavit Appended to his Opening Brief</u>

Davis's affidavit appended to his Opening Brief interjects three additional facts, two of which Prado admits in full, and one of which Prado admits in part and denies in part. First, Davis's affidavit at Paragraph 1 contends that Davis was the Republican candidate for the

eligibility of Prado to be nominated for, and to seek, political office. (AOB 8) Prado also admits that averment. Third, Davis's affidavit at Paragraph 10 quotes (and appends to his Opening Brief) the job description of Prado's former appointed position of Constituent Services Officer. (AOB 9). Paragraph 11 further contends that this position was funded by a non-allocated grant to the City of Wilmington. (AOB 9) Prado admits to the accuracy of the description of his former position, as quoted in Paragraph 10 from the appended job posting (AOB 9 and 13), but Prado denies the averment in Paragraph 11 that his position was funded by any non-allocated grants,[7] or any other federal funds.

The statement of facts set forth in Davis's Opening Brief contains only this sentence: "The genesis of this case involves the failure of the City of Wilmington to declare an (sic) City Employee appointed by the Mayor ineligible to simultaneously remain employed and seek the office of a (sic) incompatible elected office." (AOB 4) To the extent that this sentence is intended to be a statement of a fact, as opposed to a legal conclusion, Prado denies that an appointee of the Mayor is, by virtue of his employment, ineligible to run for City Council office. Prado concedes, however, that he cannot serve the executive and legislative branches contemporaneously. For that reason, Prado resigned from his appointed position in the executive branch prior to taking office in the legislative branch on January 4, 2005.

IN DAVIS'S APPENDED MOTION FOR SUMMARY AND DECLARATORY JUDGMENT MUST BE DENIED BECAUSE AN APPELLATE COURT DOES NOT HAVE ORIGINAL JURISDICTION TO ISSUE SUMMARY AND/OR DECLARATORY JUDGMENT, NOR DOES THIS COURT HAVE APPELLATE JURISDICTION TO REVIEW ANY ACTIONS OF THE BOARD OF CANVASS OF THE SUPERIOR COURT

A.  Scope of Review

This Court has no jurisdiction to review the decisions of the Superior Court sitting as the Board of Canvass. *See State ex rel. Walker v. Harrington*, 1942 Del. LEXIS 23, *23-24 (Del. 1942); *Woo v. Robinson*, 484 A.2d 950 (Del. 1984). The *Walker* court, in the context of an election challenge, explained that "appellate jurisdiction of the Supreme Court is conferred by the [Delaware] Constitution. Appeals to the Supreme Court are provided in two instances only: from the Court of Chancery and in the election cases specifically mentioned in Article V of the Constitution." *Walker* at *23. The *Woo* court observed that the writ of mandamus is the only remedy for a party aggrieved by any action of the Board of Canvass. *Woo*, 484 A.2d at 954. Davis's Notice of Appeal does not ask this Court to issue a writ of mandamus, but only asks this Court to review the Order of the Board of Canvass. Based on *Walker* and *Woo*, this Court has no jurisdiction to review the final orders of the lower court in that court's capacity as the Board of Canvass.

B.  Merits of the Argument

Davis's appended Motion for Summary and Declaratory Judgment must be denied for lack of jurisdiction. Courts with appellate jurisdiction

of the Superior
Document 7-6    Filed
d of Canvass), see
itution does not co
issue summary an
Wilmington City Coun
rs as are granted t
necessary implicati
A.2d 300 (Del. 19
or constitutional b
declaratory judgm
statutory authorit
ory Judgment.