II. DAVIS'S APPENDED MOTION FOR SUMMARY AND DECLARATORY JUDGMENT, ALONG WITH DAVIS'S SELF-EXECUTED AFFIDAVIT, MUST BE STRICKEN FROM THE RECORD BECAUSE THESE DOCUMENTS CONTAIN LEGAL ARGUMENTS IN CONTRAVENTION OF RULE 15(a)(vi)

A. Scope of Review

Prado hereby incorporates the statement of the scope of review set forth in Argument I of this Answering Brief.

B. Merits of the Argument

Davis's Motion for Summary and Declaratory Judgment, along with his self-executed affidavit, must be stricken from the record, pursuant to Delaware Supreme Court Rule 15(a)(vi), because these documents contain legal arguments. Rule 15(a)(vi) prohibits appendage of any other brief or writing that contains argument. The Table of Contents of Davis's Opening Brief refers to an Argument section of that Brief, but without identifying any page numbers where that section can be found in the Brief. The entire Brief does not include any page numbers whatsoever. A careful review of Davis's Opening Brief confirms that it does not contain a section for arguments, as required by Delaware Supreme Court Rule 14(b)(vi). Instead, Davis sets forth the following three arguments in his appended Motion for Summary and Declaratory Judgment, and an additional ten arguments in his appended affidavit.

The first argument in Davis's appended motion is that "[t]he record shows there is substantial evidence upon which the New Castle County Department of Elections, Superior Court, Department of Justice, and the City of Wilmington, could properly have based it's (sic) decision, while correctly applying the law to the facts." (AOB 7) Davis does not specify what evidence in the record upon which he is relying, nor does he cite which law must be applied to which facts. Therefore, Prado is unable to

formulate a substantive response to this argument.

The second argument in Davis's appended motion is that "[t]he record should control the issue unless there was abuse of discretion or error of law." (AOB 7) Again, Davis does not identify the record to which he is referring, nor does he specify what abuses of discretion or errors of law were committed. Accordingly, Prado is also unable to formulate a substantive response to this argument.

The third argument in Davis's appended motion is that "[t]he standard of measuring sufficiency of record is not the one, (sic) which would be in a common-law certiorari proceeding but one established by this section." (AOB 7) Yet again, Davis fails to identify the record for which sufficiency must be measured, or the section upon which he is relying for the standard of review to measure the sufficiency of the unspecified record. Consequently, Davis's vagueness prevents Prado from formulating a substantive response to any of these three arguments set forth in Davis's Motion for Summary and Declaratory Judgment, which is improperly appended to his Brief in contravention of Rule 15(a)(iv).

Similarly, Davis's self-executed affidavit, which is also improperly appended to his Brief, must be stricken pursuant to Rule 15(a)(iv). Davis's affidavit sets forth the following ten legal arguments. First, Davis argues that 15 <u>Del.C.</u> § 7521 and Del. Const., Art. V, § 6 were violated when the Board of Canvass accepted jurisdiction in this matter. (Davis Aff. ¶ 3)[8] Second, Davis argues that jurisdictional defects are not grounds for dismissing the action below. (Davis Aff. ¶ 4) Third,

---

[8] For the Court's convenience, this Answering Brief will cite Davis's appended affidavit according to its numbered paragraphs.

Davis argues that 15 Del.C. § 5948 renders Prado in default. (Davis Aff. ¶ 5) Fourth, Davis argues that Prado was "illegally sworn in" as Fifth District City Councilman because the pendency of this appeal operates as a stay of the Wilmington City Council election results. (Davis Aff. ¶ 6) Fifth, Davis argues that the Department of Elections omitted his name from some absentee ballots, and such omission invalidates the Wilmington City Council election results. (Davis Aff. ¶ 7) Sixth, Davis argues that Deputy Attorney General Woolfolk did not interpret the Delaware Constitution properly. (Davis Aff. ¶ 8) Seventh, Davis argues that Prado's candidacy for City Council office violated the City Personnel Code. (Davis Aff. ¶ 9) Eighth, Davis argues that Prado's candidacy for City Council office violated the federal Hatch Act. (Davis Aff. ¶¶ 12 & 13) Ninth, Davis argues that the September primary elections are the equivalent of the November general elections, therefore, according to Davis, Prado's candidacy for City government office violated Articles II, III, and IV of the Delaware Constitution, which are the Articles setting forth the separation of powers for the three branches of State government. (Davis Aff. ¶ 14) Tenth, Davis argues that Prado's candidacy for City Council office, while employed as an appointee of the Mayor of Wilmington, violated a phrase quoted from Baron de Montesqueiu, an eighteenth century French philosopher. (Davis Aff. ¶ 15)

As the inclusion of these ten legal arguments in Davis's appended affidavit is in contravention of Rule 15(a)(iv), that affidavit must be stricken from the record, along with the appended Motion for Summary and Declaratory Judgment.

III. <u>IF THE LEGAL CONCLUSIONS SET FORTH IN DAVIS'S APPENDED MOTION FOR SUMMARY AND DECLARATORY JUDGMENT AND/OR HIS SELF-EXECUTED AFFIDAVIT ARE DEEMED TO BE HIS ARGUMENTS ON APPEAL, THEN DAVIS HAS WAIVED THESE ARGUMENTS, EXCEPT FOR THE "HATCH ACT" ARGUMENT, BY NOT RAISING THEM IN THE COURT BELOW</u>

A. <u>SCOPE OF REVIEW</u>

Prado hereby incorporates the statement of the scope of review set forth in Argument I of this Answering Brief.

B. <u>MERITS OF THE ARGUMENT</u>

Supreme Court of Delaware Rule 8 mandates that issues not fairly presented to the lower court shall not be heard on appeal unless the interests of justice require. *See Wilmington v. Spencer*, 391 A.2d 199 (Del. 1978); *Wilmington Trust Co. v. Conner*, 415 A.2d 773, 781 (Del. 1980). Davis's Brief does not contain a section for arguments. Nonetheless, Davis appends to his Brief a self-executed affidavit interjecting ten legal arguments, all of which are summarized more fully in Argument II of this Answering Brief. Only one of the ten above-referenced arguments, the argument alleging violations of the federal Hatch Act, was raised in Davis's Petition below. Justice does not require this Court to overlook Davis's failure to assert the other nine arguments in the lower court, nor should the Court overlook Davis's failure to include any of these new issues in the Argument section of his Opening Brief, as required by Supreme Court Rule 14(b)(vi). Consequently, the Court must deem Davis's arguments to be waived on appeal. Alternatively, if the Court chooses to address any of these ten arguments despite Davis's failure to comply with Rules 8 and 14(b)(vi), then Prado offers substantive responses on the merits in Arguments IV through XIII of this Answering Brief.

IV. THE SUPERIOR COURT, IN ITS CAPACITY AS THE BOARD OF CANVASS, PROPERLY DISMISSED DAVIS'S PETITION SUA SPONTE, AND THE DISMISSAL DID NOT VIOLATE EITHER 15 DEL.C. § 7521 OR DEL. CONST., ART V, § 6

A. SCOPE OF REVIEW

Prado hereby incorporates the statement of the scope of review set forth in Argument I of this Answering Brief.

B. MERITS OF THE ARGUMENT

Neither 15 Del.C. § 7521 nor Del. Const., Art. V, § 6 are grounds for this Court to review (much less overturn) the dismissal of Davis's Petition by the Board of Canvass. The third paragraph of Davis's affidavit contends that Judge Cooch of the Superior Court assumed jurisdiction of the "Superior Court of Canvass" (sic)[9] and dismissed Davis's challenge to the election for failure to invoke the proper jurisdiction of the Board of Canvass. The third paragraph further avers that "Title 15 Section 7521 declares that under Article 5 Section 6 of the Delaware Constitution, 'that part of this section which attempts to required (sic) the Superior Court to canvass the vote of city elections is unconstitutional and void. The vote of an election in the City of Wilmington should be canvassed by the Department of Elections.'" (AOB 8)

Prado concedes that the Superior Court dismissed Davis's election challenge due to Davis's failure to invoke the proper jurisdiction of the Board of Canvass. Prado disputes Davis's misquotation of Section 7521. That section states:

> Registration and elections in the City of

---

[9] Presumably, Davis is attempting to state that Judge Cooch assumed jurisdiction of the Superior Court of Delaware in that Court's capacity as the Board of Canvass.

> Wilmington for the Mayor, Council and other officers of the City of Wilmington shall in all respects be conducted in conformity with the provisions governing general elections as provided under this title, except that the canvass of the vote shall be conducted by the Department of Elections for New Castle County, which shall certify those candidates elected to office.

Nowhere in Section 7521 does it state that the Superior Court's canvass of the vote of City elections is unconstitutional and/or void.

Alternatively, Davis also attempts to support this argument with a citation to Article 5, Section 6 of the Delaware Constitution. Section 7521 makes no reference to Del. Const., Art. V., § 6. Nowhere in that section of the Delaware Constitution does it state that the votes of an election in the City of Wilmington should be canvassed by the Department of Elections. In fact, Delaware Constitution, Art. V, § 6, ¶ 4 states: "[t]he said [Superior] Court shall have all the other jurisdiction and powers now vested by law in the boards of canvass."

Davis combines his citations to Section 7521 and Art. 5, § 6 to misstate the respective roles of the Board of Canvass and the Department of Elections. The Board of Canvass did not attempt to usurp the role of the Department of Elections to canvass the votes of the City election, as prescribed by Section 7521. The Board did not convene for purposes of counting the Fifth District votes, but convened to review Davis's challenge to the Fifth District election results. (B24) Nonetheless, Davis now argues that the Superior Court erred by improperly assuming jurisdiction in this matter. However, it was Davis who invoked the Superior Court's jurisdiction by asking that Court to nullify the election results. Having consented to the Superior Court's jurisdiction,

cannot now contest the jurisdiction which he voluntarily invoked. Davis's reliance upon 15 Del.C. § 7521 and Del. Const., Art. V, § isplaced, and neither section is legal grounds for reviewing or ing the dismissal of Davis's Petition by the Board of Canvass.

V.  <u>JURISDICTIONAL DEFECTS, INCLUDING DAVIS'S FAILURE TO COMPLY WITH SUPERIOR COURT CIVIL RULE 109, ARE GROUNDS FOR DISMISSAL OF DAVIS'S PETITION</u>

    A.   <u>SCOPE OF REVIEW</u>

Prado hereby incorporates the statement of the scope of review set forth in Argument I of this Answering Brief.

    B.   <u>MERITS OF THE ARGUMENT</u>

Davis's failure to comply with Superior Court Civil Rule 109 was a jurisdictional defect that necessitated *sua sponte* dismissal of his Petition. Though not relevant to this appeal, the fourth paragraph of Davis's affidavit contends that neither failure to bring a civil action in the proper county, nor failure to join all necessary parties, shall constitute a jurisdictional defect. To the contrary, a civil action filed in the incorrect county may be dismissed for lack of venue, pursuant to Superior Court Civil Rule 12(b)(3). Failure to join all necessary parties is yet another jurisdictional defect that is grounds for dismissal, pursuant to Rule 12(b)(7).

Regardless, none of these two jurisdictional defects was a basis for the lower court's dismissal of Davis's Petition. The lower court dismissed Davis's Petition for failure to specifically invoke the proper jurisdiction of the Board of Canvass, including Davis's failure to comply with Superior Court Civil Rule 109. Davis's Petition was filed in Superior Court on November 3, 2004, but it failed to invoke the jurisdiction of the Board of Canvass, as required by Rule 109. (B1) Instead, the Petition requested that the Superior Court "make null and void the results of the election." (B1) Additionally, Rule 109(4)(a-c) requires that petitions to the Board must state what fraud or mistake

upon which the challenge to the election is based, the number of votes affected by such fraud or mistake, and the number of votes affecting the results of the election. As Davis's November 3 Petition failed to invoke the jurisdiction of the Board of Canvass, and also failed to include the three averments required by Rule 109(4)(a-c), the lower court properly dismissed the Petition *sua sponte* by its Order of November 4, 2004.

VI. PRADO IS NOT IN DEFAULT, PURSUANT TO 15 DEL.C. § 5948, OR ANY OTHER STATUTE OR COURT RULE, BECAUSE DAVIS'S PETITION WAS NOT SERVED ON PRADO BY THE SHERIFF, NOR WAS PRADO REQUIRED TO ANSWER OR ENTER AN APPEARANCE AFTER DAVIS'S PLEADING WAS DISMISSED SUA SPONTE

A. SCOPE OF REVIEW

Prado hereby incorporates the statement of the scope of review set forth in Argument I of this Answering Brief.

B. MERITS OF THE ARGUMENT

Fifteen Del.C. § 5948 does not render Prado in default because Davis's Petition was not served on Prado by the Sheriff, nor was any response required by Prado after the lower court dismissed Davis's Petition sua sponte one day after it was filed. The fifth paragraph of Davis's affidavit contends that Prado is in default, pursuant to Section 5948, because Prado failed to answer Davis's Petition or enter his appearance after allegedly receiving proper service. Section 5948 prescribes that sheriff's service is required upon the person whose right to office is contested. Davis's affidavit concedes that the Superior Court docket does not contain any entry confirming that Prado was served by the Sheriff. (Davis Aff. ¶ 5) Nonetheless, Davis contends that Prado was properly served despite the absence of any such entry in the Superior Court docket. (Davis Aff. ¶ 5)

Although Davis does not appended to his Brief any evidence that his Petition was served on Prado by the Sheriff, he contends that Prado is in default for failure to answer the Petition or otherwise enter his appearance in the lower court. However, the Petition was dismissed sua sponte on November 4, 2004. (See Attachment A) Thus, there was no pending Petition to which Prado could respond, nor could Prado have entered an appearance in a civil action that had already been dismissed

with prejudice. Consequently, neither Prado's lack of response to a dismissed pleading, nor Prado's lack of entry of appearance in a dismissed civil action, render him in default.

VII. <u>PRADO WAS PROPERLY INAUGURATED BECAUSE NEITHER THE PENDENCY OF THIS APPEAL NOR ARTICLE I, SECTION THREE OF THE DELAWARE CONSTITUTION ARE GROUNDS FOR STAYING PRADO'S INAUGURATION</u>

A. <u>SCOPE OF REVIEW</u>

Prado hereby incorporates the statement of the scope of review set forth in Argument I of this Answering Brief.

B. <u>MERITS OF THE ARGUMENT</u>

Prado was properly inaugurated because neither the pendency of this appeal nor Del. Const., Art. I, § 3 are grounds for staying Prado's inauguration. The sixth paragraph of Davis's affidavit offers two grounds why Davis believes Prado was "illegally sworn in" as the Fifth District City Councilman: (1) this appeal was pending in the Delaware Supreme Court; and (2) the certification of the election results violated Del. Const., Art. I, § 3. Neither of these grounds has any merit.

The first ground is without merit because Davis cites no legal authority mandating that an appeal of the lower court's dismissal of an election challenge operates as a stay of the City Council inauguration during the pendency of the appeal. Delaware Supreme Court Rule 32(a) governs stays and injunctions during the pendency of an appeal. That Rule prescribes that motions to stay must be filed in the lower court, and the lower court has jurisdiction to grant or deny a stay, even if the case is on appeal to this Court. That lower court's decision to grant or deny the stay is reviewable by this Court. Prior to filing the Notice of Appeal, Davis did not file a motion in Superior Court to stay Prado's inauguration. Consequently, there is no grounds for staying Prado's inauguration during the pendency of this appeal.

Davis's second ground for staying the inauguration is equally

thout merit, in that Davis's reliance upon Del. Const., Art. I, § 3 misplaced. That section only states: "All elections shall be free and ual." It states nothing about staying a candidate's inauguration while s defeated opponent appeals the dismissal of his election challenge to e Delaware Supreme Court. For these reasons, the argument set forth the sixth paragraph of Davis's affidavit must be rejected because it ils to state any legal grounds for staying Prado's inauguration during e pendency of this appeal.