IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DWIGHT L. DAVIS, | § |
| | § No. 562, 2004 |
| Petitioner Below- | § |
| Appellant, | § |
| | § Court Below – Superior Court |
| | § of the State of Delaware, |
| v. | § in and for New Castle County |
| | § C.A. No. 04M-11-005 |
| SAMUEL PRADO, | § |
| | § |
| Respondent Below- | § |
| Appellee. | § |

Submitted: June 17, 2005
Decided: August 5, 2005

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices

**ORDER**

This 5th day of August 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The petitioner-appellant, Dwight L. Davis, filed an appeal from the orders of the Superior Court a) dismissing his petition contesting the 2004 election for the Fifth District seat on City Council, Wilmington, Delaware, on jurisdictional grounds and b) denying his amended petition on

jurisdictional and substantive grounds.[1]  We find no merit to the appeal. Accordingly, we affirm.

(2)    In 2004, Davis and respondent-appellee, Samuel Prado, were candidates for the Fifth District seat on Wilmington City Council.  In the primary election, held on September 11, 2004, Davis was the unchallenged Republican nominee and Prado was the unchallenged Democratic nominee. In the general election, held on November 2, 2004, Prado defeated Davis for the Fifth District seat.

(3)    On the day following the election, Davis filed a petition in the Superior Court challenging the results of the Fifth District race.  In the petition, Davis claimed that: a) Davis' name was erroneously omitted from some of the absentee ballots; and b) Prado's candidacy for public office while employed in the executive branch of Wilmington City government violated the "separation of powers" and "dual public office" doctrines of the Delaware Constitution.

(4)    In this appeal, Davis claims that: a) the Superior Court sitting as the Board of Canvass lacked jurisdiction to act on his petition; and b) even assuming it had jurisdiction over the matter, the Superior Court nevertheless

---

[1] Both of these orders were signed by both the President Judge of the Superior Court and New Castle County's Resident Associate Judge, purportedly sitting as the Board of Canvass pursuant to Del. Const., art. V, § 6 and Del. Code Ann. tit. 15, § 5701 (1999).

committed legal error and abused its discretion by denying him relief. Davis requests this Court to declare Prado ineligible to run for City Council, set aside the election, declare Davis the only eligible candidate, and arrange for Davis to be sworn in as the Fifth District representative.

(5)    Davis' first claim is that the Superior Court sitting as the Board of Canvass was without jurisdiction to rule on his petition. Initially, Davis is correct that the Superior Court sitting as the Board of Canvass does not have authority under the Delaware Constitution to certify the vote in a City of Wilmington election.[2]  However, the Superior Court does have statutory jurisdiction to decide issues arising from contested City of Wilmington elections,[3] which it properly asserted in this case. While the Superior Court erroneously invoked its authority as the Board of Canvass in its orders denying Davis' request for relief, we find that error to be harmless, since there is no discernible prejudice to Davis.

(6)    Davis' second claim is that the Superior Court should have granted his request for relief because his name was omitted from some of the absentee ballots and because Prado's candidacy was unconstitutional. This claim, too, is unavailing. First, while Davis' name initially may have been

---

[2] *Abrahams v. Superior Court*, 131 A.2d 662 (Del. 1957) (the Department of Elections of New Castle County has responsibility for certifying the vote in City of Wilmington elections).
[3] Del. Code Ann. tit. 15, § 7527 (1999); Del. Code Ann. tit. 15, §§ 5941-5955 (1999).

omitted from some of the absentee ballots, the record reflects that any error

in that regard was corrected approximately two weeks prior to the election.[4]

Second, while this Court has held that it would violate the Delaware

Constitution for an individual to hold an office in the executive branch of

State government and simultaneously occupy an elected seat in the

legislative branch of State government,[5] Davis has cited no Delaware

authority that prohibits an employee of Wilmington City government from

becoming a candidate for a City Council seat, as long as the employee

resigns his position with the City of Wilmington after he is elected to City

Council.[6] In this case, the record reflects that Prado resigned his position

with Wilmington City government upon his election to City Council.

    NOW, THEREFORE, IT IS ORDERED that the judgment of the

Superior Court is AFFIRMED.[7]

BY THE COURT:

Justice

---

[4] A letter to voters from the Department of Elections dated October 18, 2004 stated that "a name" had unintentionally been omitted from the absentee ballot and enclosed a corrected ballot. The letter also stated that, if the original ballot had already been submitted, it would be destroyed upon receipt of the corrected ballot.

[5] *In re Request of the Governor for an Advisory Opinion*, 722 A.2d 307, 319 (Del. 1998).

[6] *Id.*

[7] While the Superior Court did not rely on the same rationale we do here, we, nevertheless, conclude that its decision to deny Davis' request for relief was correct and should be affirmed. *Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del. 1995).