COPY

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DWIGHT L. DAVIS, | § § § | |
| Petitioner Below- | § § § § § § § § | No. 562, 2004<br><br>Court Below – Board of Canvass<br>Of the State of Delaware<br>in and for New Castle County<br>C.A. No. 04M-11-005 |
| SAMUEL PRADO | § § § § | |
| Respondent Below-<br>Appellee. | § § § | |

## MOTION EN BANC

1. The petitioner-appellant, Dwight L. Davis, filed an appeal from the orders of the Board of Canvas. The petitioner filed his opening brief in a timely manner in accordance to the rules of the court.

2. Samuel Prado, Appellee failed to file his responsive brief in a timely manner, therefore, waved his right to file a response.

3. The court permitted the filing of a brief "out of time" not by respondent, but by the City of Wilmington Law Department, which lacks standing in this case.

4. The only thing that could possible top the News Journal Article in Sundays paper about the so-called "Nigerian Internet Scam" would have been this an "order" from the Delaware Supreme Court signed by Justice Holland. "Now, therefore, it is ordered that the judgement of the Superior Court is affirmed." Stating, "while the Superior Court did not rely on the same

rationale we did here, we, nevertheless, conclude that its decision to deny Davis' request for relief was correct and should be affirmed." The problem with that statement, one would have to assume that the Superior Court rendered a decision, which was the basis of Davis' appeal. Such an assumption would not be correct. Davis' appeal was based upon the orders of the Board of Canvass.

5.  The order by Chief Justice Steele, Holland, and Berger submitted June 17, 2005, and decided on August 5, 2005, capped off a concerted pattern of conduct, with the elements of Federal RICO, between the (1) City of Wilmington, (2) New Castle County Department of Elections, (3) New Castle County Prothonotary, (4) Delaware Department of Justice, (5) Board of Canvass, (6) Superior Court, and now (7) Delaware Supreme Court.

6.  The only issue for decision before the Delaware Supreme Court on appeal, was whether the President Judge of the Superior Court and the New Castle County's Resident Associate Judge of the Superior Court, [sitting as the Board of Canvass pursuant to Delaware Constitution, Article V, Section 6, and Del. Code annotated title 15, section 570 (1999) acted properly in dismissing Davis' petition contesting Samuel Prados' eligibility's and qualifications to be a candidate in the November 2004, General Election.

7.  In the fifth paragraph of the courts order, they wrote, "Davis' first claim is that the Superior Court, sitting as the Board of Canvas, was without jurisdiction to rule on his petition." Notice the attempt; to establish the "Superior Court" as somehow interchangeable with the Board of Canvass. The Delaware constitution recognized that the President Judge and the Associate Judge "sit as the board of canvass". The Delaware constitution doesn't recognize the Superior Court "sitting as the board of canvass." The Superior Court further states, "however", which is an adverb, which means (1) by whatever manner or means, (2) to whatever degree or extent, the

Superior Court (not the Board of Canvass) does have statutory jurisdictions to decide issues arising from contested City of Wilmington elections. The Superior Court did not properly assert itself in this case, according to Delaware Code annotated, Title 15, Section 7527, Delaware Code annotated Title 15, Sections 59 - 41 through 59 and 55 which provide for disputed issues to be decided on the merits; affording due process under the law with the presentation of evidence, production of witnesses, taking of testimony before an impartial judge and jury. Davis was denied due process in this regard. The court agrees with Davis, while admitting the Board of Canvass erroneously invoked its' authority but deny that the error caused harm or prejudice. Incredible.

8.  What should be clear to anyone reading this order, is that it is prejudicial, harmful, willfully malicious, and intentional rather than an error. Continuing the Court accepts a letter to voters from the department of Elections dated October 18, 2004, stating that "a name has unintentionally been omitted from the absentee ballots" and "stating, if the original ballot had already been submitted, it would be destroyed upon receipt of the corrected ballot", there is no evidence that the letter in any way is referring to or mentioning Davis' name as the omitted.

Therefore, Davis once again states that the court has agreed with him, that the President Judge and the Associates Judge sitting as the Board of Canvass lack jurisdiction to act on his petition, and the President Judge and Associate Judge sitting as the Board of Canvass does not have authority under the Delaware constitution to certify a vote in the City of Wilmington; and the President Judge, Associated Judge sitting as the Board of Canvass erroneously evoked its authority in its orders: wherefore, the court must find that the error was harmful and prejudice to Davis. For if the City of Wilmington Law Department, Delaware Department of Justice, New Castle County Prothonotary, New Castle County Department of Election, Superior Court of New

Castle County, New Castle County Board of Canvass, and the Delaware Supreme Court had acted properly, Davis would be the representative to the 5th district of Wilmington's City Council. Davis re-request this honorable court to declare Samuel Prado ineligible to have ran for City Council, set aside the election, declare Davis the only eligible candidate, and arrange for Davis to be sworn in as 5th District Representative. To deny Davis his requested relief is a violation of his constitutional guarantees to participate in an fair, truthful election, and substantially denying him due process under the law in his attempt to seek redress in the Delaware Courts, which absolutely exhaust his remedies at the State level.

Dwight L. Davis
800 W. 9th Street
Wilmington, DE 19801
(302) 654-1993

Dated: August 08, 2005

## CERTIFICATE OF SERVICE

I, Dwight L. Davis, hereby certify that two (2) correct copies of the attached "Motion for Review En Banc" was hand delivered to:

1. Samuel Prado
   C/o Samuel and Mayor James M. Baker
   C/o City of Wilmington Law Department
   Wilmington, DE 19801

2. New Castle Department of Election
   820 N. French Street
   Carvel State Office Building
   Wilmington, DE 19801

_____
Dwight L. Davis
800 W. 9th Street
Wilmington, DE 19801

Dated: August 8, 2005