IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DWIGHT L. DAVIS, | : | |
| | : | |
|    PLAINTIFF, | : | |
| | : | |
| v. | : | C.A. NO. 05-618 KAJ |
| | : | |
| CITY OF WILMINGTON, JAMES M. BAKER, in his official capacity as the Mayor of the City of Wilmington, JOHN SHERIDAN, in his official capacity as the City Solicitor of the City of Wilmington, SAMUEL PRADO, in his official capacity as Fifth District Representative on Wilmington City Council. | : | |
| | : | |
|    DEFENDANTS. | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFAULT AND RULE 11 SANCTIONS**

COME NOW, Defendants, by and through undersigned counsel, and hereby move this Honorable Court to deny Plaintiff's Motion for Default and Rule 11 Sanctions, and to impose Rule 11 counter sanctions against Plaintiff. In opposition Plaintiff's Motion, Defendants state:

    1.    Plaintiff's Motion for Default concedes that Plaintiff received Defendants' Motion to Dismiss, Motion for Leave to File a Memorandum of Points and Authorities in Lieu of an Opening Brief, and Memorandum of Points and Authorities. (DI. #8, ¶1-3). Nonetheless, Plaintiff seeks a default judgment against Defendants for failure to file an Answer to Plaintiff's Complaint. Plaintiff correctly states that Rule 7(a) prescribes: "there shall be a complaint and an answer . . . No other pleading shall be allowed." (DI. #8, ¶ 3). However, Rule 12(b) also permits certain defenses to be raised in the form of a motion instead of a pleading. Rule 12(b)(1) permits the defense of lack of subject matter jurisdiction to be asserted in the form of a motion instead of a

pleading. Rule 12(b)(6) permits the defense of failure to state a claim to be asserted in the form of a motion instead of a pleading. Accordingly, Defendants' Motion to Dismiss was based on the lack of subject matter jurisdiction over Plaintiff's claim and Plaintiff's failure to state a claim upon which relief can be granted. Because Defendants' Motion to Dismiss was filed within 20 days after Plaintiff's Complaint was served (see D.I. #2, 3, 4 and 6), Defendants are not in default.

2.   Plaintiff also seeks Rule 11 sanctions against Defendants "for filing improper motions with the court in an attempt to seek special privileges that are in violation of local rules." (D.I. #8, ¶ 3) On the contrary, Defendants' Motion to Dismiss is expressly permitted by Rule 12(b)(1)&(6). Therefore, it is Defendants' Motion for Rule 11 sanctions that is itself a violation of Rule 11.

WHEREFORE, Defendants move this Honorable Court to deny Plaintiff's Motion for Default and Rule 11 Sanctions, and hereby further move this Court to impose Rule 11 counter sanctions against Plaintiff.

CITY OF WILMINGTON LAW DEPARTMENT

  /s/ Alex J. Mili, Jr.
Alex J. Mili, Jr., Esquire (Id. # 4125)
Assistant City Solicitor
Louis L. Redding City/County Bldg.
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants City of Wilmington, Mayor
James M. Baker, Samuel Prado, and John Sheridan

Dated: September 15, 2005